IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**TIMOTHY L. DALLAS,**

    **Petitioner,**

**v.**                                           **Case No. 1:22cv186-AW/MAF**

**WALT SUMMERS,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On August 9, 2022, Petitioner Timothy L. Dallas, a state inmate represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On December 29, 2022, Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 9. Petitioner filed a reply on February 21, 2023. ECF No. 10.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed as untimely.

## **Procedural Background**

Petitioner Timothy L. Dallas challenges his conviction and sentence from the Eighth Judicial Circuit, Alachua County, Florida, following a jury trial in case number 2014-CF-3887A.  ECF No. 1 at 1-2; Ex. A at 140.[1]  The state trial court adjudicated Dallas guilty and sentenced him to twenty (20) years in prison on Count 1 (trafficking in cocaine) and five (5) years in prison on Count 2 (possession of a controlled substance), to run concurrently.  Ex. A at 104, 140, 144-47.

Dallas appealed his conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D16-1536.  Ex. D.  His counsel filed an initial brief pursuant to Anders v. California, 386 U.S. 738 (1967).  Ex. C.  On September 25, 2017, a panel of the First DCA, consisting of Judges Wetherell, Ray, and Makar, affirmed the case per curiam without a written opinion.  Ex. G; Dallas v. State, 234 So. 3d 673 (Fla. 1st DCA 2017) (table).  The mandate issued October 23, 2017.  Ex. G.

On October 2, 2018, Dallas filed a pro se motion for post-conviction relief in the state trial court pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. H at 34-60.  By order rendered November 8, 2019, the state post-

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motions to dismiss, ECF No. 9.

conviction trial court summarily denied relief. Ex. H at 73-88 (exclusive of attachments). Dallas appealed and filed a pro se brief, assigned case number 1D20-0115. Ex. J. The State did not file an answer brief. *See* Ex. I. On December 10, 2020, a panel of the First DCA, consisting of Judges Makar, Osterhaus, and Winokur, affirmed the case without a written opinion. Ex. K; Dallas v. State, 310 So. 3d 917 (Fla. 1st DCA 2020) (table). The mandate issued February 24, 2021. Ex. K.

In the meantime, Dallas had also filed in the First DCA a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel, assigned case number 1D19-3671. Ex. L. He subsequently filed an amended petition. Ex. M. On November 25, 2020, a panel of the First DCA, consisting of Judges Kelsey, M.K. Thomas, and Tanenbaum, denied the petition on the merits in an unelaborated decision. Ex. N; Dallas v. State, 307 So. 3d 637 (Fla. 1st DCA 2020).

In addition, on February 9, 2021, Dallas filed a Motion to Correct Illegal Sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Ex. O at 35-43. By order rendered February 22, 2021, the state trial court denied the motion, finding Dallas had alleged a vindictive sentence claim which was not cognizable in a Rule 3.800(a) motion and, if considered under Rule 3.850, the claim was untimely. *Id*. at 44-46. Dallas appealed to the First DCA,

assigned case number 1D21-0680, and he filed an initial brief. Ex. P. The State filed an answer brief. Ex. Q. Dallas filed a reply. Ex. R. On December 15, 2021, a panel of the First DCA, consisting of Judges Rowe, Osterhaus, and Winokur, issued a written opinion affirming the case and explaining "the trial court did not err in summarily denying these claims," the motion was untimely under Rule 3.850, and "this appeal is frivolous." Dallas v. State, 331 So. 3d 276 (Fla. 1st DCA 2021); Ex. S. The mandate issued January 12, 2022. Ex. S.

As indicated above, on August 9, 2022, Dallas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1. Respondent filed a motion to dismiss the petition, with exhibits. ECF No. 9. Petitioner has filed a reply. ECF No. 10.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized

by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id*. § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, Dallas appealed his conviction and sentence, and on September 25, 2017, the First DCA affirmed the case without a written opinion. Ex. G; Dallas v. State, 234 So. 3d 673 (Fla. 1st DCA 2017) (table). Dallas did not seek additional review. Therefore, his conviction became final for federal habeas purposes on Tuesday, December 26, 2017, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 6(a)(1)(C), 6(a)(6)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). He had one year thereafter, or until December 26, 2018, to file his federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017)

(explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

Dallas filed his Rule 3.850 motion in the state trial court on October 2, 2018. Ex. H at 34-2. This stopped the AEDPA clock at 280 days, and the time remained tolled until the conclusion of his state post-conviction proceedings, on February 24, 2021, when the First DCA issued its mandate in the appeal affirming the denial of post-conviction relief. Ex. K.

Respondent argues that Dallas's Rule 3.800(a) motion, treated by the state court as an untimely Rule 3.850 motion, did not toll the AEDPA limitations period. ECF No. 9 at 7-8; see Ex. O at 45. Respondent's argument is well-taken. Because the state court rejected the motion as untimely, such was not "properly filed" for purposes of § 2244(2) and did not toll the AEDPA limitations period. Ex. O at 45-46. *See* Allen v. Siebert, 552 U.S. 3, 7 (2007) (explaining that state time limits constitute filing conditions

and, thus, state post-conviction relief petition is not "properly filed" within meaning of tolling provision of AEDPA limitations period for federal habeas petitions if state court rejected petition as untimely); Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005) (holding that "a state post-conviction petition rejected by the state court as untimely" is not "'properly filed' within the meaning of § 2244(d)(2)" and does not toll AEDPA limitations period); Jones v. Sec'y, Fla. Dep't of Corr., 906 F.3d 1339, 1350 (11th Cir. 2018) ("[T]he state court ruled that the Rule 3.850 Motion was untimely, and we are required to defer to that ruling.  That necessarily means that the motion wasn't 'properly filed,' and thus it didn't toll AEDPA's one-year statute of limitations."  Pace is quite emphatic on this point:  'When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).'" (citations omitted)); Sweet v. Sec'y, Fla. Dep't of Corr., 467 F.3d 1311, 1316-18 (11th Cir. 2006) (explaining, among other things, "when a state court determines that a petition is untimely, and also rejects the substantive claim on the merits, the timeliness decision standing alone compels a federal court to conclude that the state motion was not 'properly filed'").  Accordingly, after February 24, 2021, the AEDPA clock ran for 85 more days and expired on May 20, 2021.  Thus, Dallas's § 2254 petition, filed August 9, 2022, is untimely.

Even assuming the Rule 3.800(a) motion did toll the AEDPA limitations period, Dallas's § 2254 petition is still untimely.  Under this analysis, the AEDPA limitations period remained tolled from October 2, 2018, through January 12, 2022, when the First DCA issued the mandate in the appeal affirming the denial of the motion.  Ex. S.  The AEDPA clock resumed January 13, 2022, and ran for the remaining 85 days until it expired on April 7, 2022.  Thus, Dallas's § 2254 petition is untimely as it was not filed until August 9, 2022.

Moreover, Dallas acknowledges his § 2254 petition is untimely and asserts entitlement to equitable tolling.  ECF No. 1 at 14; ECF No. 10 at 2.  Dallas asserts that "complication[s] arising out of COVID-19 interfered with his ability to go to the law library and filing this 2254 within the one-year statute of limitations."  ECF No. 1 at 14.  He cites three cases:  Brown v. Davis, 2020 U.S. Dist. Lexis 156120 (E.D. Cal. Aug. 27, 2020); Dale v. Williams, 2020 U.S. Dist. Lexis 151448 (D. Nev. Aug. 20, 2020); and Maury v. Davis, 2020 U.S. Dist. Lexis 70227 (E.D. Cal. Apr. 20, 2020).  He also attaches his affidavit indicating he "didn't really understand the law" and he "tried not to[] miss anything," but "[i]t took . . . so long with this 2254 because with this Covid 19 its hard to[] get to[] the law library" because of quarantines and "that's why my family hired me a lawyer."  ECF No. 2 at 17, 21.

"[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). The petitioner bears the burden of establishing equitable tolling and "the allegations supporting equitable tolling must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Petitioner Dallas has not met his burden of showing either that he diligently pursued his rights or that some extraordinary circumstance kept him from timely filing his § 2254 petition. He has not shown that he diligently pursued his rights under the AEDPA. *See* Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001) (explaining that petitioner must "establish his own due diligence in ascertaining the applicable limitations period"); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion.").

In addition, his allegations regarding the inability to file his § 2254 petition within the one-year AEDPA limitations period do not demonstrate extraordinary circumstances.  *See, e.g.,* Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely fling of the petition, does not establish extraordinary circumstances."); Chavez v. Sec'y, Fla. Dept. of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory); Helton, 259 F.3d at 1313-14 (rejecting petitioner's equitable tolling argument that he "was prevented from obtaining accurate information due to deficiencies in the prison library where he was being held").  "[N]either lack of access to a federal law library, nor periods of time in which a prisoner is separated from his legal documents constitute extraordinary circumstances."  Castillo v. United States, No. 16-17028-E, 2017 WL 5591797 at *3 (11th Cir. May 4, 2017); *see* Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (recognizing that opinion in Akins v. United States, 204 F.3d 1086 (11th Cir. 2000), "suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate"); *see also*, e.g., Miller v. Florida, 307 F. App'x

366, 368 (11th Cir. 2009) (finding that close-management status and restricted access to law library did not warrant equitable tolling); Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007) (finding transfers and limited access to legal papers do not constitute extraordinary circumstances); Walker v. Graham, 955 F. Supp. 2d 92, 103 (E.D.N.Y. 2013) ("[R]eliance on a jailhouse lawyer . . . does not qualify as an extraordinary circumstance warranting equitable tolling.").

In an unpublished opinion, the Eleventh Circuit concluded that COVID-19 did not constitute an "extraordinary circumstance" because all prisoners "attempting to access legal resources . . . were subject to COVID-19 protocols." Rush v. Sec'y, Fla. Dep't of Corr., 2021 WL 3134763, at *1 (11th Cir. June 22, 2021); *see* Gainey v. Sec'y, Dep't of Corr., No. 22-10650-A, 2022 WL 1786543 (11th Cir. May 20, 2022) (denying COA to appeal dismissal of § 2254 petition as time-barred and explaining, among other things, "Although Mr. Gainey asserted that the delay in filing was due to restricted access to the law library because of the COVID-19 pandemic, he failed to show how restricted access impacted his filing, which copied his prior state court filings."); Whitaker v. Comm'r, Ga. Dep't of Corr., No. 21-14467-A, 2022 WL 2156663 (11th Cir. May 3, 2022) (denying COA to appeal dismissal of § 2254 petition as time-barred: ""[W]hile Whitaker made a

Case 1:22-cv-00186-AW-MAF   Document 11   Filed 03/16/23   Page 12 of 18
Page 12 of 18

conclusory assertion that he pursued his rights diligently, he did not explain why he waited over 11 months to file his state habeas corpus petition, which constituted most of the statute of limitations period. While the Covid-19 pandemic may have impacted his access to legal materials in the remaining 21 days, his circumstances were not different than any other prisoner attempting to access legal resources. Accordingly, he could not show due diligence or extraordinary circumstances warranting equitable tolling."); Powell v. United States, No. 21-12432-J, 2022 WL 2811987 (11th Cir. Feb. 8, 2022) (denying COA to appeal dismissal of § 2255 motion as time-barred: "Under this Court's precedent, lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling.").

Indeed, district courts within the Eleventh Circuit have declined to apply equitable tolling "based on prison lockdowns due to COVID-19." Phillips v. United States, No. 8:20cv1862-T-17AAS, 2021 WL 679259, at *6, n.7 (M.D. Fla. Feb. 22, 2021); see, e.g., Flagg v. Jones, No. 1:22cv265-WHA/SMD, 2022 WL 4371482, at *1 (M.D. Ala. Sept. 21, 2022) (order of district judge dismissing complaint: "Plaintiff has made no such demonstration here, as one's pro se status and ignorance of the law are not extraordinary circumstances that warrant equitable tolling. Nor is Plaintiff's conclusory

claim that COVID-19 had an 'impact' on his filings." (citations omitted)); Moreno v. United States, No. 1:17-CR-0446-TCB-RGV-1, 2020 WL 7091088, at *2 (N.D. Ga. Sept. 18, 2020) (rejecting equitable tolling argument and explaining: "Moreno does not allege when the prison's law library was initially closed, nor has he explained why he could not have filed his motion before Covid-19 restrictions were in place. In fact, Moreno states that the law library is 'still closed,' and he has filed this motion without access to it."), *report and recommendation adopted*, 2020 WL 5939887 (N.D. Ga. Oct. 7, 2020).

Likewise, "courts in this District have uniformly rejected equitable tolling based on COVID-19 restrictions." Hamilton v. Inch, No. 3:20cv5967-LC/HTC, 2021 WL 4254941, at *3 (N.D. Fla. June 23, 2021); *see, e.g.*, Gainey v. Sec'y, Dep't of Corr., No. 3:21cv736-LC/MJF, 2022 WL 447579, at *4 (N.D. Fla. Jan. 27, 2022) ("Gainey's bare assertions of restrictions on access to the law library during the COVID-19 pandemic are unavailing."), *report and recommendation adopted*, 2022 WL 446806 (N.D. Fla. Feb. 14, 2022); Harris v. Inch, No. 3:20cv5890-MCR/MJF, 2021 WL 2384567, at *4 (N.D. Fla. Apr. 23, 2021) ("Harris does not show a causal connection between the lockdown and his ability to file his § 2254 petition by July 31, 2020."), *report and recommendation adopted*, 2021 WL 2383719 (N.D. Fla.

June 10, 2021); Hanf v. Inch, No. 4:20cv330-TKW/EMT, 2021 WL 1251854, at *1 (N.D. Fla. Apr. 5, 2021) (order adopting report and recommendation and explaining, "With respect to equitable tolling, the Court finds no record support for Petitioner's claim in his objections that COVID-19 restrictions on access to the prison law library 'from [February 26, 2020] until and beyond March 31st' hampered his ability to timely file his petition."); Webster v. Sec'y, Fla. Dep't of Corr., No. 3:20cv5727-MCR/MJF, 2021 WL 1566848, at *4 (N.D. Fla. Mar. 29, 2021) ("Webster's bare assertions regarding restrictions on access to the law library and his legal property during the COVID-19 pandemic are unavailing."), *report and recommendation adopted*, 2021 WL 1564321 (N.D. Fla. Apr. 21, 2021).

Further, none of the cases Dallas cites warrant application of equitable tolling in this case. The opinion in Brown v. Davis, 482 F. Supp. 1049, 1060 (E.D. Cal. Aug. 27, 2020), was issued in the first few months of the COVID-19 pandemic and concerned "prospective equitable tolling of the applicable statute of limitations on grounds of delay in appointment of federal habeas counsel and the impact of the COVID-19 pandemic." Similarly, the opinion in Dale v. Williams, No. 3:20cv031-MMD/CLB, 2020 WL 4904624 at *1 (D. Nev. Aug. 20, 2020), issued in August 2020 and concerned "prospective equitable tolling" because of "the extraordinary circumstances of the COVID-

19 pandemic."  The opinion in Maury v. Davis, No. 1:12cv1043-WBS/DB, 2020 WL 3065934 (E.D. Cal. Apr. 21, 2020), was issued in the first few weeks of the COVID-19 pandemic and granted petitioner's motion for equitable tolling of the AEDPA limitations period for ninety (90) days starting March 11, 2020.

In contrast, in this case, Dallas proceeded pro se through most, if not all, of the COVID-19 pandemic, filing motions and briefs in the state courts until the conclusion of the appeal of the denial of his Rule 3.800(a) motion (considered as an untimely Rule 3.850 motion) on January 12, 2022.  Ex. S.  Nothing indicates he could not have timely filed a § 2254 petition.  Like the petitioners in the Eleventh Circuit and Florida district court cases cited, *supra*, Dallas has not explained how any COVID-19 restrictions at the institution(s) where he has been confined impeded his ability to file a timely § 2254 petition much less when any lockdown occurred, how long it lasted, or why he needed access to a law library to file a timely petition.  *See also, e.g.*, Paulcin, 259 F. App'x at 231 (rejecting equitable tolling argument and explaining: "Paulcin asserted only the conclusory allegation that he was denied access to the library and his records but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding.  In fact, Paulcin filed an appeal of a denial of a Fla. R. 3.850 motion in state court

during the time he had no access to his records or the law library. This fact belies the allegation that he was prevented from pursuing legal redress during his time at the Santa Rosa County Jail.").

Based on the foregoing, Petitioner Dallas has not met his burden of showing that he diligently pursued his rights under the AEDPA and that some extraordinary circumstance kept him from timely filing his § 2254 petition. *See* Hutchinson, 677 F.3d at 1099 (noting that petitioner has burden of establishing right to equitable tolling). Accordingly, he is not entitled to equitable tolling.

## Conclusion

The § 2254 petition is untimely and Dallas has not shown entitlement to equitable tolling. Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 9, be **GRANTED**, and Petitioner Dallas's § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule

11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability. The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 9) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 16, 2023.

                    <u>S/  Martin A. Fitzpatrick</u>
                    **MARTIN A. FITZPATRICK**
                    **UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.